CLARENCE H. JENKS v. TOWN OF TERRY.

[40 South. Rep., 641.]

MUNICIPALITY.   Waterworks.   Plans and specifications.   Civil engineer. Fees.

A civil engineer, having performed his part of a contract with a municipality by which, for a per centum on the cost of construction, he was to prepare plans and specifications for a waterworks plant, is entitled to compensation, although the municipality abandoned its waterworks project before taking any other step.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Jenks, the appellant, was plaintiff in the court below; the Town of Terry, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are stated in the opinion of the court.

Brame & Brame, for appellant.

The court below, in effect, wiped out the solemn written contract entered of record, and turned the case over to the jury to be decided on the disputed and conflicting testimony as to what the agreement between the parties was. The members of the board and the town marshal were permitted to state their independent recollection of what was said and what was agreed to by the plaintiff. This outside testimony was not confined to explaining anything that was doubtful or ambiguous in the terms of the contract, but the witnesses were permitted to state independent facts qualifying and contradicting the record, and

even giving the understanding of the parties as to what the plaintiff agreed to do, and what he was to be paid for and what he was not to be paid for.

Plaintiff asked the following instruction: "If the jury believe from the evidence that the plaintiff was, by proper order or orders entered on the minutes of the municipal board, duly retained as engineer for the municipality for the construction of a waterworks system, and that he has otherwise made out his case, he is not to be denied a recovery merely because the plant was not constructed, if, by the act or neglect of any other person or persons, without his consent, construction was prevented." Strange to say, this was refused. Thus the court held, in effect, that although the plaintiff had nothing to do with the construction of the plant and could not control the board and compel it to issue the bonds and carry out the contract on its part, and although he had done work requiring skill and large expenditure of time and money, he could not recover for the same, if the board, though arbitrarily, refused or failed to proceed with the work, thereby rendering it impossible for him to supervise the construction. Surely no argument or citation of authority is needed to show the error of this ruling. We think it manifest that the action of the court in refusing to give the instruction asked by plaintiff should cause a reversal.

The written contract in this case is plain and unambiguous, and it was the duty of the court to construe the same, and not refer its meaning to the jury. *Railroad Co.* v. *Anderson,* 51 Miss., 829; *Whitney* v. *Cook,* 53 Miss., 551; *Insurance Co.* v. *Heron,* 56 Miss., 643; *Bowman* v. *Roberts,* 58 Miss., 126.

Where any doubt arises as to the true sense and meaning of the words themselves, or any difficulty as to their application under the surrounding circumstances, the sense and meaning of the language may be investigated and ascertained by evidence *dehors* the instrument. 17 Cyc. 682 d, where many cases are cited illustrative of the rule.

Where, however, the words used are familiar and ordinary words, and not of technical use and have a well defined meaning, parol evidence is not admissible to explain them or give them a different meaning. 17 Cyc., p. 684, and many authorities cited.

Even where the words used are of a technical nature, or are confined to commercial parlance, if they have a fixed meaning among those to whom they are familiar, extrinsic evidence cannot be admitted to give them a different meaning. *Ib.,* p. 685; *Butter* v. *Gale,* 27 Vt., 739; *Abraham* v. *Railroad Co.,* 64 L. R. A., 391.

Where a term of art is used which has two meanings, it is competent to show by parol its meaning as used in a contract. *Tufts* v. *Greenwald,* 66 Miss., 360 (s.c., 6 South. Rep., 156).

*Plumbing Co.* v. *Carmichael,* 80 Miss., 66 (s.c., 31 South. Rep., 536), where evidence was admitted to explain the meaning of "artesian well."

Those cases have no applicability here, because the words "preliminary survey and estimate of cost" as used in this contract are not technical words and are not ambiguous, but are plain, ordinary words, and can have but one meaning. It is not pretended that they are doubtful, or that the contract as written was not fully understood by both parties. It is a cardinal rule that testimony to vary or contradict the terms of a written contract is inadmissible. On this point see *Polluck* v. *Helm,* 54 Miss., 1; *Odeneal* v. *Henry,* 70 Miss., 172 (s.c., 12 South. Rep., 154); *Lumber Co.* v. *Lumber Co.,* 71 Miss., 172 (s.c., 15 South. Rep., 105); *Baum* v. *Lynn,* 72 Miss., 932 (s.c., 18 South. Rep., 428).

In view of the above authorities, it was manifestly erroneous to admit the parol testimony to vary and control the written contract, and to refuse the first instruction asked by plaintiff to the effect that the written contract spoke for itself and that no testimony construing the contract or purporting to give the

understanding of the board in reference to the meaning of the same is to be considered.

The same error was committed in giving the first and second instructions for the defendant, which, in effect, told the jury that if they believed from the evidence plaintiff "was not to be paid for any preliminary work done by him," and that he did not supervise the actual construction of the plant, they should find for the defendant.

The defendant's instructions are also erroneous, because they authorized the jury to find for the defendant on the mere ground that the water works plant was not constructed, although the uncontradicted evidence shows that the failure to construct the plant was due to the arbitrary action of the authorities in refusing to carry out their contract with Porter, and without any fault on the part of the plaintiff.

*Williamson, Wells & Peyton,* for appellee.

The cases cited by counsel for appellant do not apply to the case at bar, as they are all decisive of the question as to whether the terms of a written contract can be contradicted or varied by parol evidence. That it cannot be contradicted or varied by parol testimony is, of course, a proposition that we do not dispute.

As to the evidence in question, under the head of "Evidence," 17 Cyc., 587, the rule is stated:

"Explanation. Parol evidence which does not contradict, but merely explains the record or report of a public officer, is admissible." *Hudson* v. *Forsdick,* 25 South. Rep., 353; *Darter* v. *Hauser,* 63 Ark., 475; *Thompson* v. *Chase,* 2 Grant., 367; *Pope* v. *Antony,* 29 Texas Civ. App., 298; *District School Trustees* v. *Wimberly,* 2 Texas Civ. App., 404; 17 Cyc., 587.

Although the rule as to contradicting or varying a written contract is flexible, as stated by the above authority, we would call the attention of the court particularly to the fact that we are not attempting in this testimony offered by defendant and

admitted over the objection of the plaintiff, and which plaintiff argues in his brief is an attempt to vary and contradict a written contract, that we are not attempting to contradict or vary the terms of a written contract by parol evidence, but that the evidence adduced is entirely consistent with the writing, and under the latest authorities is entirely admissible.

Quoting from 17 Cyc., p. 638:

"Evidence Not Inconsistent with Writing. The parol evidence rule does not preclude the reception of parol evidence with reference to matter evidenced by the writing, where such evidence relates to matter, *in pais,* or is of such a character that it does not tend to vary or contradict the written instrument. There is no objection to the admission of evidence which is offered, not to contradict or vary the terms of a written agreement, but simply to explain how it is to be carried out, or to prove that one party has according to the terms of the writing made an election respecting the manner of its performance. So a particular mode of payment or discharge agreed on by the parties may be proved by parol. And evidence of representations made at the time of the execution of the instrument is admissible where it is offered only for the purpose of showing what the terms of the instrument would have passed if the representations had been true, and not for the purpose of showing that it was intended to pass something which by the terms of the instrument was not passed. Certainly the circumstance that a matter is evidenced by a writing cannot preclude the admission of parol evidence of independent facts, although they relate to the same transaction." 17 Cyc., p. 638, and notes, with a large number of authorities cited.

"What Evidence is Admissible. Evidence Must Tend to Aid Construction. The parol evidence which can be admitted to explain the .contract must be such as tends to show the correct interpretation of the language used, and its only purpose is to enable the court or jury to understand what the language really means; parol evidence which has no tendency

to aid in the construction of the writing or to explain any ambiguity therein cannot be admitted." 17 Cyc., 668.

"CONSTRUCTION BY PARTIES. Evidence of the practical construction given to an instrument of writing by the parties thereto may be admissible to explain its meaning when explanation is necessary. But an ambiguous contract cannot be varied by evidence of a construction by parties different from that which the language clearly imports." 17 Cyc., 669.

"CONVERSATIONS AND STATEMENTS OF PARTIES. The conversations and statements of the parties at the time of or just previous to the execution of the contract between them may be admissible for the purpose of aiding in the construction of the writing, but oral declarations of the parties made at or before the time of the execution of the instrument are not admissible for the purpose of showing an intention or purpose not therein expressed. Conversations between and statements of the parties to a written contract after its execution have also been held admissible to explain an ambiguity in writing." 17 Cyc., 669.

Argued orally by *L. Brame,* for the appellant.

CALHOON, J., delivered the opinion of the court.

The town of Terry, through its municipal authorities, contemplated constructing a water and electric light plant. Advised of this intention, Mr. Jenks, a civil engineer, proposed to the municipal board to "make preliminary survey and estimate of cost of water and electric light plant" without charge. On October 17, 1901, the board accepted this proposition, and Mr. Jenks was retained "as engineer for the work on a five per centum basis on cost of plant." Accordingly Mr. Jenks prepared the "preliminary survey and estimate of cost" and submitted the same to the municipal authorities, and it was by them approved on October 17th. Subsequently the municipal board decided to erect the plant, and, having taken all preliminary steps, such as the issuance of bonds to defray the expenses

of construction and the like, Mr. Jenks was contracted with as engineer upon the basis set out in his original proposition. Accordingly, on January 13, 1902, Mr. Jenks appeared before the board and submitted "plans and specifications for the water works plant in contemplation by the town of Terry." These plans and specifications were examined, and by order of the board formally approved and adopted, and contract was let in accordance therewith, for the contract price of $3,899, exclusive of the well. After this, from causes not necessary to recite, the plan of erecting the municipal plant was abandoned. Negotiations for a settlement having failed, Mr. Jenks filed this suit to recover the proportionate amount of the commissions due him under his contract with the board.

The failure to erect the municipal plant was in no respect due to any fault or negligence on the part of Mr. Jenks. He did all that his contract required him to do. He prepared the "preliminary survey and estimate of cost" free of charge. He prepared the "plans and specifications" which were adopted by the board, and was ready to supervise the construction and installation of the plant, if the board had persevered in its intention to establish the same. He is entitled at least to the amount due for services actually rendered. There is no denial that the proportion of the total commission which he claims in the instant case is justly due him under the uniform custom of engineers in similar cases. The "plans and specifications" is in no sense to be confused with a "preliminary survey and estimate of cost." They are entirely distinct and dissimilar things. The one is only a measurement and survey of the territory to be covered by the contemplated plant and an approximate estimate of cost. The other is an accurate, detailed working plan, showing materials to be used and manner of construction. Upon the face of this record, considering only the competent evidence in the record, Mr. Jenks was entitled to a peremptory instruction in his favor for the amount of the three per cent commissions sued for.

*Reversed and remanded.*